[674 NYS2d 365]

In the Matter of DONALD V. POHLMEYER (Admitted as DONALD VINCENT POHLMEYER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 1998

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Donald V. Pohlmeyer, was admitted to the practice of law in the State of New York by the Third Judicial Department on March 30, 1982, as Donald Vincent Pohlmeyer. He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey.

On October 29, 1997, the New Jersey Supreme Court disbarred respondent. Respondent's actions included the mishandling of a $36,000 check belonging to an estate, failing to maintain a proper balance in his attorney trust account, and failing to appear or provide specific documents at continuations of demand audits. The Disciplinary Review Board of the New Jersey Supreme Court found that respondent had knowingly converted over $25,000 that he was holding in an attorney trust account on behalf of his client, the executor of her father's estate. The Board determined that respondent had knowingly misappropriated client funds in violation of New Jersey Rules of Professional Conduct (RPC) 1.15 and 8.4 (c).

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, disbarring respondent predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are: (1) lack of notice or opportunity to be heard at the foreign proceedings; (2) such a clear infirmity of proof establishing the misconduct that this Court could not credit the foreign court's determination; or (3) the attorney's conduct does not constitute misconduct in this jurisdiction. The respondent has no defense under 22 NYCRR 603.3 (c) (1) because he was provided with sufficient notice and an opportunity to be heard. Although respondent did not actively participate in the disciplinary proceeding, he was afforded the opportunity to do so. As set forth in the Disciplinary Review Board's decision, service of the ethics complaint by both regular and certified mail at respondent's last-known New Jersey office address, at his last listing in the New Jersey Lawyers Diary and at his last known address in New York City had been unsuccessful. Accordingly, the Office of Attorney Ethics (OAE) arranged for publication of the disciplinary notice in the New Jersey Law Journal, in

which he was advised that the charges would be deemed admitted if he failed to answer the complaint within 21 days.

The Committee asserts that respondent also has no defense because the New Jersey Supreme Court's findings are supported by the record, and furthermore, since respondent has failed to contest these allegations, he is precluded from raising the defense enumerated in subdivision (c) (2). The OAE complaint alleged that on January 14, 1994, respondent had deposited $35,960 in his attorney trust account relating to the Hauptman estate matter, but by December 31, 1994, only $323.36 remained in said account. This was further confirmed by the OAE's computer analysis of respondent's attorney trust account, which indicated that respondent had disbursed thousands of dollars from this account to himself personally even after receiving notice from OAE on or about November 4, 1994 of a demand audit of said account.

The misconduct for which respondent was disciplined by the New Jersey Supreme Court constitutes misconduct in New York. The respondent was found to have knowingly misappropriated client money, in violation of RPC 1.15 and 8.4 (c), which are analogous to Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (4) (22 NYCRR 1200.46, 1200.3).

The Committee's petition is granted and respondent is disbarred.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

The petition is granted, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective June 23, 1998.